**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-6394**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEPHEN BRADLEY VENNIS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (CR-98-10, CA-00-163-1)

———————

Submitted:  June 11, 2002                    Decided:  July 15, 2002

———————

Before NIEMEYER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Stephen Bradley Vennis, Appellant Pro Se.  Sherry L. Muncy, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stephen Bradley Vennis seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2001) motion. We dismiss the appeal for lack of jurisdiction because Vennis' notice of appeal was not timely filed.

The district court's order was entered on the docket on December 17, 2001. Vennis' notice of appeal was due sixty days after the entry of the district court's judgment, on February 15, 2002. Fed. R. App. P. 4(a)(1); Fed. R. App. P. 4(a)(5). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Vennis filed a notice of appeal on February 25, 2002. Because Vennis failed to file a timely notice of appeal, we deny a certificate of appealability and dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Even if Vennis' notice of appeal had been timely, dismissal would be appropriate. Vennis failed to timely object to the magistrate judge's report and recommendation and has therefore waived this Court's review of the claims asserted in his § 2255 motion.